UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
ULBIA AMERICA PINELA JURADO,                          :
individually and on behalf of all others similarly    :
situated,                                             :
                                                      :
                                                      :     **REPORT AND RECOMMENDATION**
                        Plaintiff,                    :
                                                      :     20 Civ. 1104 (RPK) (VMS)
        -against-                                     :
                                                      :
SABOR HISPANO, INC., PATRICIO FLORES   :
BARRERE and JOSE LUIS HERNANDEZ,       :
                                                      :
                                                      :
                        Defendants.                   :
---------------------------------------------------------- X
**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Ulbia America Pinela Jurado ("Plaintiff") brings this putative class action

against Defendants Sabor Hispano, Inc. ("Corporate Defendant"), Patricio Flores Barrere

("Defendant Barrere") and Jose Luis Hernandez ("Defendant Hernandez") (collectively,

"Defendants") seeking to hold Defendants liable to Plaintiff for damages arising from alleged

violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; New York Labor

Law ("NYLL") § 650 et seq.; and regulations promulgated thereunder. See ECF No. 1, passim.

Defendants failed to answer or otherwise respond, and Plaintiff now moves for default

judgment.[1]  See ECF No. 21-23.  The Honorable Rachel P. Kovner referred the motion to this

Court for a report and recommendation.  For the following reasons, I respectfully recommend

that Plaintiffs' motion be denied without prejudice.

---

[1] Although the complaint asserted claims on behalf of a putative collective, Plaintiff did not
reiterate her request for collective action in her default judgment motion.  The request to
represent unnamed parties is deemed waived.  See Galicia v. 63-68 Diner Corp., No. 13 Civ.
3689 (PKC), 2015 WL 1469279, at *1 (E.D.N.Y. Mar. 30, 2015) ("Because [p]laintiff now seeks
a default judgment and has not reiterated his request for collective action in the present motion,
the Court considers Plaintiff's collective action request waived.").

## I.   Background

The following facts are derived from Plaintiff's complaint, and those that are well pled are taken as true for the purposes of determining liability in connection with this motion.  See Compl. at ECF No. 1, passim; SEC v. Razmilovic, 738 F.3d 14, 19 (2d Cir. 2013) (holding that on default, the complaint's well-pleaded allegations are deemed admitted) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)).  The procedural history is drawn from the docket.

### a.   Relevant Factual Background

Corporate Defendant is a New York Corporation with its principal place of business at 37-29 103rd Street, Corona, New York 11368.  ECF No. 1 ¶¶ 9-10.  Plaintiff alleges that Corporate Defendant is an enterprise engaged in interstate commerce that "has had employees engaged in commerce or in the production of goods for commerce" and "has had an annual gross volume of sales of not less than $500,000.00."  Id. ¶ 24.  At all relevant times, the individual Defendants had the power to hire and fire employees, establish and pay wages, set work schedules, maintain employment records, and otherwise make personnel and payroll decisions on behalf of Corporate Defendant.  See id. ¶¶ 17-21.

Plaintiff was employed by Defendants to work at the Corporate Defendant restaurant from in or around February (or March) 2019 until in or around July 2019.  See id. ¶¶ 8, 25, 30. Throughout her employment with Defendants, Plaintiff worked as a cook, food preparer and dishwasher, and she performed other miscellaneous duties.  See id. ¶ 26.  Plaintiff generally claims to have worked seven days and approximately 84 hours per week, and to have been paid $550.00 per week.  See id. ¶¶ 27-30.  Plaintiff contends that she was not paid at time and a half for work performed over 40 each week and that she was not paid spread of hours for the days on

which she worked over ten hours.  See id. ¶¶ 29-30.  She also alleges Defendants willfully failed to keep accurate payroll records.  See id. ¶ 31.

### b. Procedural History

On February 28, 2020, Plaintiff commenced this action.  See ECF No. 1.  Plaintiff thereafter filed summonses returned executed and requested a certificate of default from the Clerk of Court.  See ECF Nos. 7-10.

The Court scheduled an initial conference and mailed copies of the scheduling order to Defendants at 37-29 103rd Street, Corona, New York 11368.  See Dkt. Entry 9/14/2020.  At least one Defendant apparently received the Order mailed to them at that address, because an attorney named Gabriel Levy, Esq., appeared during the October 15, 2020, conference to report that he would likely be retained and to request that the entry of default against Defendants be vacated with Plaintiff's consent.  See ECF No. 24.  The Court directed Mr. Levy to make a formal notice of appearance on the docket and granted Mr. Levy's request to extend, nunc pro tunc, Defendants' time to answer to allow, among other things, time for the parties to discuss settlement.  See id. at 2-6.  In addition, on Mr. Levy's oral motion and with Plaintiff's consent, this Court ordered that the default against Defendants be vacated.  See id. at 4-5; ECF No. 10; ECF No. 13.

The Court scheduled further proceedings and mailed notice of the conference to Mr. Levy's office.  See ECF No. 13; Dkt. Entry 10/15/2020.  Mr. Levy then notified the Court that although he had previously represented that a notice of appearance would be forthcoming, Defendant Sabor Hispano, Inc. had elected against retaining Mr. Levy and his partner, and that he did not have further information regarding Defendants' representation in the action.  See ECF No. 14.

Defendants thereafter failed to answer, appear formally or informally, or otherwise respond, and upon Plaintiff's renewed request, the Clerk of Court issued certificates of default against Defendants.  See ECF Nos. 17, 18; see also Dkt., passim.  Plaintiff thereafter filed the instant motion for default judgment.  See ECF Nos. 21-23.

## II.  Discussion

### a.  Default Judgment Legal Standards

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step procedure by which a party may obtain a default judgment.  See Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (citing Fed. R. Civ. P. 55); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).  First, if a party has failed to plead or otherwise defend against an action, the Clerk of Court must enter a certificate of default by making a notation on the record.  See Fed. R. Civ. P. 55(a).  Second, after this entry of default, if the defaulting party still fails to appear or move to set aside the default, the court may enter a default judgment if the complaint is well-pleaded. See Fed. R. Civ. P. 55(b).  The trial court has the "sound discretion" to grant or deny a motion for default judgment.  Enron Oil Corp., 10 F.3d at 95.  In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party.  Id. at 95-96 (recognizing "the responsibility of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard").  The court must therefore ensure that (1) the plaintiff satisfied all required procedural steps in moving for default judgment, see Loc. Civ. R. 55.2; and (2) the plaintiff's allegations, when accepted as true, establish liability as a matter of law, see Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

4

Applying this standard, this Court respectfully recommends that Plaintiff's motion for default judgment be denied without prejudice.

### b. Plaintiff Completed Service Upon The Corporate Defendant But Failed To Complete Service Upon The Individual Defendants

#### i. Legal Standards

In order to show that default judgment is appropriate, the moving party must demonstrate "that the non-appearing party was effectively served with process." Sik Gaek, Inc. v. Yogi's II, Inc., 682 Fed. App'x 52, 54 (2d Cir. Mar. 10, 2017); see, e.g., U.S. Flour Corp. v. Certified Bakery, Inc., No. 10 Civ. 2522 (JS) (WDW), 2012 WL 728227, at *4 (E.D.N.Y. Mar. 6, 2012) ("A court may not properly enter a default judgment unless it has jurisdiction over the person of the party against whom the judgment is sought, which also means that [they] must have been effectively served with process.") (internal quotation marks & citation omitted); United States v. Kadoch, No. 96 Civ. 4720 (CBA), 2011 WL 2680510, at *6 (E.D.N.Y. Jun. 10, 2011) ("In the absence of proper service, it appears that this Court may lack personal jurisdiction over defendant."). To prove proper service, "the server should disclose enough facts to demonstrate the validity of service." 4B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1130 (4th ed. 2019). A process server's affidavit is considered prima facie evidence of proper service, see Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002), but it must disclose essential facts, see Columbia Pictures Indus., Inc. v. Cap King, No. 08 Civ. 4461 (NGG) (RML), 2010 WL 1221457, at *2 (E.D.N.Y. Mar. 29, 2010).

Rule 4(e)(1) permits service of process to be accomplished in accordance with the service rules of the state in which the district court is located or in which service is made. See Fed. R. Civ. P. 4(e)(1). Section 308(2) of the New York Civil Practice Law and Rules ("CPLR") provides that an individual may be served "by delivering the summons within the state to the

person to be served," <u>see</u> N.Y. C.P.L.R. § 308(1), or

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business . . . of the person to be served and . . . by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof . . . that the communication is from an attorney . . . such delivery and mailing to be effected within twenty days of each other . . . proof of such filing shall be filed with the clerk of the court . . . within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing[,]

N.Y. C.P.L.R. § 308(2).  In other words, both are among "several acceptable methods for service of process upon an individual[,]" and a plaintiff may elect to pursue service pursuant to Section 308(2) without showing an inability to achieve personal service pursuant to Section 308(1).

<u>Jackson v. Cnty. of Nassau</u>, 339 F. Supp. 2d 473 (E.D.N.Y. 2004).  As relevant here, under Federal Rule of Civil Procedure 4(h)(1)(A), service upon a corporation may be effected in the manner prescribed by Rule 4(e)(1) for serving an individual; in other words, by following the service rules of the state in which the district court is located or where service is made.  <u>See</u> Fed. R. Civ. P. 4(e)(1); Fed. R.  Civ. P. 4(h)(1)(A).  Section 311(a)(1) of the CPLR permits personal service upon a corporation by, among other methods, delivering the summons to "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."  N.Y. C.P.L.R. § 311(a)(1).

### ii.  Plaintiff Completed Service Upon The Corporate Defendant

On March 4, 2020, Plaintiff served the Corporate Defendant through a process server who delivered and left true copies of the summons and complaint with Sara Fajardo at 37-29 103rd Street, Corona, New York, 11368, <u>i.e.</u>, the location of Defendant restaurant; Plaintiff's process server further averred that Ms. Fajardo worked at the location and was authorized to accept the summons and complaint on Corporate Defendant's behalf.  <u>See</u> ECF No. 9; <u>see</u> <u>also</u> ECF Nos. 7-8.  Service of Corporate Defendant was therefore completed on March 4, 2020.  <u>See</u>

N.Y. C.P.L.R. § 311(a)(1).

### iii.  Plaintiff Failed To Complete Service Upon Individual Defendants

Also on March 4, 2020, Plaintiff claims to have also delivered and left true copies of the summons and complaint for Individual Defendants with Ms. Fajardo, whom the process server attested was Individual Defendants' "co-worker" of suitable age (approximately forty-seven years old) and discretion at the Defendant restaurant's same 37-29 103rd Street address.  See ECF No. 7-8.   Plaintiff satisfied Section 308(2)'s first requirement that the summons and complaint were personally delivered to a "person of suitable age and discretion" at Individual Defendants' actual place of business.  See Dantzig v. Cnty. of Westchester, No. 19 Civ. 8811 (NSR), 2021 WL 1030655, at *5 (S.D.N.Y. Mar. 16, 2021) ("All that is required under CPLR 308 subdivision 2, with respect to personal service, is that process be served upon a person of suitable age and discretion at the actual place of business, regardless of whether or not that person is an employee or is otherwise officially authorized to accept service on behalf of the defendant.") (citations & internal quotations omitted); Xiao Hong Wang v. Chi Kei Li, 169 A.D.3d 593, 594 (1st Dep't 2019) (holding that the plaintiff was entitled to a presumption that personal service achieved upon a "person of suitable age and discretion" at the defendants' actual place of business without establishing that the person was "actually a coworker of [the] defendants").  The process server further averred that Ms. Fajardo responded in the negative to the process server's inquiry as to whether either Individual Defendant was serving in the military.  See ECF Nos. 7-8.

On March 10, 2020, Plaintiff's process server avers that he mailed a copy of the summons and complaint to Individual Defendants at the same 37-29 103rd Street address that was their "place of business" in a manner that complied with Section 308(2).  See id. Accordingly, Plaintiff's mailing of the summons and complaint to Individual Defendants at their

actual place of business satisfied Section 308(2)'s second requirement pertaining to mailing.  See

N.Y. C.P.L.R. § 308(2).

Following Plaintiff's mailing, she was next required by Section 308(2) to file proof of her

service upon Individual Defendants with the Clerk of Court within twenty days.  See N.Y.

C.P.L.R. § 308(2).  Plaintiff did not file proof of service upon Individual Defendants until July 8,

2020, approximately four months later.  See ECF Nos. 7-8.  Courts have indicated some

difference of opinion as to whether the failure to file an affidavit of service with the court renders

service defective.  Compare Dunham v. Town of Riverhead, No. 19 Civ. 3289 (DLI) (CLP),

2020 WL 5820157, at *4 (E.D.N.Y. Sept. 30, 2020) (finding that Section 308(2) requires strict

compliance with all of its leave-and-mail requirements including the timely filing of proof of

service with the clerk of the court within 20 days of the alleged mailing); Miss Jones, LLC v.

Viera, No. 18 Civ. 1398 (NGG) (SJB), 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019) (finding

that Clerk's default against defendant must be vacated where plaintiff served defendant under

Section 308(2) but failed to timely file proof of service), R&R adopted, 2019 WL 955279

(E.D.N.Y. Feb. 26, 2019); Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 660

(S.D.N.Y. 1997), aff'd, 173 F.3d 844 (2d Cir. 1999) (finding that the plaintiff failed to effect

proper service on an individual defendant pursuant to Section 308(2) as incorporated by Rule 4

where the plaintiff "failed to file a proof of service with the clerk within twenty days"); Johnson

v. Quik Park Columbia Garage Corp., No. 93 Civ. 5276 (KMW), 1995 WL 258153, at *2

(S.D.N.Y. May 2, 1995) (noting that Section 308(2) "requires strict compliance" and dismissing

a defendant where service was "ineffective because plaintiff did not file proof of service with the

clerk of the court within 20 days of the date on which her process server allegedly mailed a copy

of the summons and complaint" to that defendant), with Stan Winston Creatures, Inc. v. Toys

"R" Us, Inc., 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003) (holding that the failure to comply with

the proof of service requirement is a "mere irregularity, non jurisdictional in nature").  This

Court agrees with those cases holding that a service affidavit must be filed within 20 days of the

delivery or mailing under Section 308(2) for a plaintiff to show effective service because Section

308(2)'s

> requirement that an affidavit of service be filed within 20 days of the delivery or
> mailing, whichever is effected later, . . . serves an important function.  Timely
> filing of the affidavit of service is designed to give notice as to the plaintiff's
> claim of service and permit the defendant to calculate the time to answer.

Estate of Norman Perlman v. Kelley, 175 A.D.3d 1249 (2d Dep't 2019); see First Fed. Sav. &

Loan Ass'n of Charleston v. Tezzi, 164 A.D.3d 758, 759 (2d Dep't 2018) (finding that where an

affidavit of service had not been timely filed with the court as required by Section 308(4),

"service was never completed" and, "[s]ince service was never completed, the defendant's time

to answer the complaint had not yet started to run and, therefore, she could not be in default").

　　　　Here, Plaintiff filed her affidavits of service pertaining to Individual Defendants

approximately four months after alleging delivery and mailing pursuant to Section 308(2).  Thus,

the filing cannot be said to have timely served as notice of Plaintiff's claims of service or to have

permitted Individual Defendants to calculate their time to answer.  To the contrary, by the time

Plaintiff filed her affidavits providing notice of her claimed delivery and mailing of the summons

and complaint to Individual Defendants, their time to answer had already long expired.  See ECF

No. 7 (July 8, 2020, docket entry stating that Individual Defendant Hernandez's answer had been

due on March 25, 2020); ECF No. 8 (July 8, 2020, docket entry stating that Individual Defendant

Barrere's answer had been due March 31, 2020).   It must also be noted that because Plaintiff

elected to serve Individual Defendants pursuant to Section 308(2), which contains the 20-day

proof-of-service requirement, over Section 308(1), "which, unlike [Section] 308(2) . . . , does not

require [a] plaintiff to file proof of service with the court[,]" The Fifth Line, LLC v. Fitch, Index No. 508459/2014, 2015 WL 13866270, at *2 (N.Y. Sup. Ct., Kings Cnty., June 19, 2015), there is nothing unfair in requiring Plaintiff's compliance with the elements of the Section 308 paragraph she herself undertook to meet.

Although a plaintiff's failure to timely file proof of service "may be cured by motion or sua sponte by [a] court[,]" "a court may not grant such relief retroactive to [a defendant's] prejudice by placing him in default as of a date prior to the order[.]"  Khan v. Hernandez, 122 A.D.3d 802, 803 (2d Dep't 2014); see Divito v. Fiandach, 160 A.D.3d 1404, 1404-05 (4th Dep't 2018) (finding that "[the] defendant was not in default in the action because [the] plaintiff never effectuated proper service upon him[]" under Section 308(2) because the plaintiff failed to file proof of service in the clerk's office within 20 days of the delivery or mailing, and "never applied to the court for leave to file a late proof of service"); Weinstein, Korn & Miller, New York Civil Practice: CPLR ¶ 308.11 (David L. Ferstendig ed., 2021) ("[A] court may not 'retroactively' cure the irregularity to prejudice the defendant by placing him in default as of a date prior to the court's order.") (collecting cases).  Because Plaintiff's untimely filing of her affidavits of service is "still a defect needing a cure" that Plaintiff has not requested, Plaintiff cannot obtain default judgment against Individual Defendants based upon service that did not achieve the "strict compliance" required by Section 308(2).  See Dunham, 2020 WL 5820157, at *4-6 (dismissing the plaintiff's claims against the individual defendants without prejudice for failure to fulfill Section 308(2)'s requirements including the timely filing of affidavits of service) (internal quotations & citations omitted).

In light of the foregoing, Plaintiff's service upon Individual Defendants was incomplete. This Court thus respectfully recommends that the District Court deny Plaintiff's default

judgment motion against the Individual Defendants.

### c.   Plaintiff Complied With Local Civil Rules

"Where the movant is represented by counsel . . .  a motion for default judgment will not

be granted unless the party making that motion adheres to certain local and individual rules."

Bhagwat v. Queens Carpet Mall, Inc., No. 14 Civ. 5474 (ENV) (PK), 2015 WL 13738456, at *1

(E.D.N.Y. Nov. 24, 2015).  Failure to comply with Local Rule 55.2 warrants denial of the motion

for default judgment.  See Allstate Ins. Co. v. Abramov, No. 16 Civ. 1465 (AMD) (SJB), 2019

WL 1177854, at *3 (E.D.N.Y. Feb. 21, 2019), R&R adopted, 2019 WL 1172381 (E.D.N.Y. Mar.

13, 2019).

Local Civil Rule 55.2(b) of the United States District Courts for the Southern and Eastern

Districts of New York requires that a party seeking default judgment "shall apply to the Court as

described in Fed. R. Civ. P. 55(b)(2) and shall append to the application (1) the Clerk's

certificate of default, (2) a copy of the claim to which no response has been made, and (3) a

proposed form of default judgment."  Local Civ. R. 55.2(b).  Plaintiff has complied with Local

Civil Rule 55.2(b).  Plaintiff's submission in support of her motion for default judgment includes

a copy of the certificate of default, a copy of Plaintiff's complaint to which Defendants have not

responded, and a proposed order granting default judgment in favor of Plaintiff.  See ECF Nos.

22-5, 22-1, 22-8, respectively.

Local Civil Rule 55.2(c) of the United States District Courts for the Southern and Eastern

Districts of New York requires that

> all papers submitted to the Court pursuant to Local Civil Rule [55.2(b)] shall
> simultaneously be mailed to the party against whom a default judgment is sought
> at the last known residence of such party (if an individual) or the last known
> business address of such party (if a person other than an individual).  Proof of
> such mailing shall be filed with the Court.  If the mailing is returned, a
> supplemental affidavit shall be filed with the Court setting forth that fact, together

11

with the reason provided for return, if any.

Local Civ. R. 55.2(c). Service of the motion on non-appearing defendants is of particular importance because "mailing notice of such an application is conducive to both fairness and efficiency[.]" Committee Note, Local Civ. R. 55.2; see Transatlantic Auto Grp., Inc. v. Unitrans-PRA Co., No. 08 Civ. 5070 (DLI) (CLP), 2011 WL 4543877, at *20 (E.D.N.Y. Sept. 9, 2011) (noting the Local Rules relating to default provide more protection for non-appearing defendants than the Federal Rules of Civil Procedure in interest of fairness and efficiency), R&R adopted, 2011 WL 4543838 (E.D.N.Y. Sept. 29, 2011). Failure to strictly comply with Local Civil Rule 55.2(c) is sufficient ground for denying a default judgment motion. See, e.g., United States v. Hamilton, No. 18 Civ. 2011 (ADS) (SIL), 2019 WL 6830318, at *2-3 (E.D.N.Y. Nov. 26, 2019), R&R adopted, 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019) (denying plaintiff's default judgment motion for failure to comply with Local Civil Rule 55.2(c)) (collecting cases); Abramov, No. 2019 WL 1177854, at *3 (same). Here, Plaintiff submitted evidence that the papers submitted in support   of her default judgment motion were simultaneously mailed to Defendants. See Aff. of Service, ECF No. 22 at 11. Plaintiff has complied with Local Rule 55.2(c).

### d. Plaintiff Failed To Comply With The Servicemembers Civil Relief Act

The Servicemembers Civil Relief Act (the "Act") requires that "in any civil action or proceeding . . . in which the defendant does not make an appearance[,]" a plaintiff seeking default judgment must "file with the court an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 U.S.C. § 3931(a)-(b); see Bhagwat, 2015 WL 13738456, at *1 (denying motion for default judgment where plaintiff, among other things, failed to include in their motion papers a certification that the individual defendant is not a servicemember). The intent of the Act is, among other things, to ensure that

active duty servicemembers are not required to divert their energy and attention from the defense of the nation to attend to civil proceedings brought against them.  See 50 U.S.C. § 3902.  "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgement is to be entered."  Pruco Life Ins. Co. of N.J. v. Est. of Locker, No. 12 Civ. 882 (ENV) (RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012) (internal citations omitted).  "The court lacks the power to excuse compliance with th[is] statute."  Uribe v. Nieves, No. 17 Civ. 5155 (RRM) (RER), 2018 WL 4861377, at *1 (E.D.N.Y. Sept. 26, 2018).

Plaintiff failed to establish her compliance with the Act.  In the affirmation of Plaintiff's counsel Roman Avshalumov, Mr. Avshalumov stated the Individual Defendants "failed to develop any information that [they] were in the military upon of service of process.  Upon information and belief, [individual defendants are] not in the military nor [are they] dependent upon anyone in the military."  ECF No. 22 ¶¶ 7, 11.  The statement failed to offer facts to support this latter conclusory statement or show that any investigation into the individual Defendant's military status had been conducted since attempting to serve process on March 4, 2020.  See Uribe, 2018 WL 4861377 at *1-2 (noting that the affidavit may not be based on conclusory statements).

Plaintiff's burden in this regard is not a heavy one, as the Department of Defense maintains a Servicemembers Civil Relief Act website for the purposes of, among other things, determining whether an individual is on active duty.  See Servicemembers Civil Relief Act (SCRA) Website, https://scra.dmdc.osd.mil (last accessed July 7, 2021).

### e. The Complaint Lacks Sufficient Allegations To Establish Defendants' Liability Under The FLSA

In addition to the deficiencies in service upon Individual Defendants discussed above, Plaintiff's motion should be denied for substantive reasons with respect to all Defendants. "[B]ecause a party in default does not admit conclusions of law, it is incumbent upon the Court to consider whether the plaintiff has pleaded facts sufficient to establish the defendant's liability with respect to each cause of action." Cazares v. 2898 Bagel & Bakery Corp., No. 18 Civ. 5953 (AJN), 2020 WL 2832766, at *3 (S.D.N.Y. May 31, 2020) (citation & internal quotation marks omitted); see Vera v. Banco Bilbao Vizcaya Argentaria, S.A., 946 F.3d 120, 135 (2d Cir. 2019) ("In reviewing a default judgment, we generally 'deem[] all the well-pleaded allegations [as to liability] in the pleadings to be admitted.'") (alterations in original) (quoting Transatlantic Marine Claims Ag. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997)).

This Court finds that Plaintiff's conclusory allegations are insufficient to establish Defendants' liability under the FLSA.  As such, this Court respectfully recommends that the District Judge deny Plaintiff's motion for default judgment as to the FLSA claims, and decline to exercise supplemental jurisdiction over the state claims.

### i. Plaintiff's Conclusory Allegations Fail To Establish Liability Under The FLSA

In order to establish a claim against a defendant under the FLSA, a plaintiff must demonstrate: (1) that she was an "employee" of the defendant; and (2) that the defendant is an enterprise engaged in interstate commerce or in the production of goods for interstate commerce. See 29 U.S.C. §§ 206(a), 207(a); Chen v. Major League Baseball, 6 F. Supp. 3d 449, 453-54 (S.D.N.Y. 2014).  Here, Plaintiff has demonstrated neither.

### 1. Employer-Employee Relationship

"[T]he determination of whether an employer-employee relationship exists for purposes

14

of the FLSA should be grounded in economic reality rather than technical concepts[.]"  Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013).  "The 'economic reality' test applies equally to whether workers are employees and to whether managers or owners are employers[,]" and it is a "flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances."  Id.; see Velarde v. GW GJ, Inc., 914 F.3d 779, 783 (2d Cir. 2019) ("[T]he concept of 'employment'—pivotal to FLSA's application—is a flexible one to be determined on a case-by-case basis by review of the totality of the circumstances while emphasizing the 'economic reality' of the parties' relationships.").  Although the "economic reality" test is not determined with reference to any isolated factor, courts may consider "a nonexclusive and overlapping set of factors" as relevant to the facts of each case.  See Zheng v. Liberty Apparel Co., 355 F.3d 61, 75-76 (2d Cir. 2003).  These factors include, but are not limited to, "(1) the degree of control exercised by the [alleged] employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the [alleged] employer's business."  Brock v. Superior Care, 840 F.2d 1054, 1058-59 (2d Cir. 1988).  Still other nonexclusive factors that courts' "economic realities" test may take into account include whether a plaintiff's alleged defendant employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  Irizarry, 722 F.3d at 104-06; see Zheng, 355 F.3d at 69 (noting "that these four factors can be sufficient to establish employer status[,]" but that a positive finding on all four is not required to establish employer status) (emphasis in original).

Plaintiff's conclusory and boilerplate allegations are insufficient to establish that she was employed by Defendants.  The complaint is bereft of well-pleaded allegations to support her claim that Corporate Defendant employed her.[2]  With regards to liability against Defendants, Plaintiff makes "boilerplate allegations that simply recite the elements of the economic reality test" and are therefore "insufficient to state a claim."  Keawsri v. Ramen-Ya Inc., No. 17 Civ. 2406 (VEC), 2018 WL 279756, at *3 (S.D.N.Y. Jan. 2, 2018) (citing Tracy v. NVR, Inc., 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) ("[M]ere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details—essentially 'a formulaic recitation of the elements of a cause of action'— are insufficient to raise plaintiffs' right to relief 'above a speculative level' with respect to that individual's liability as an employer under the FLSA.")); see Dixon v. Int'l Unified Workforce, Inc., No. 18 Civ. 7191 (LDH) (SJB), 2020 WL 6140054, at *3 (E.D.N.Y. Sept. 1, 2020) ("The minimal allegations in the Complaint . . . are made solely on information and belief, and such allegations are accorded no weight, even on default.") (citations omitted), R&R adopted, Dkt. Order dated Oct. 19, 2020; see Compl. at ECF No. 1 ¶¶ 11-14, 17-20, 23 (conclusory allegations stated 'upon information and belief'); id. ¶¶ 15-16, 21-22 (conclusory allegations as to the individual Defendants as Plaintiff's employers).  Given the paucity of information in the complaint about her work with Defendants, Plaintiff failed to plead that Defendants were her employers under the FLSA.

---

[2] Plaintiff inconsistently pleads the length of Plaintiff's alleged employment with Defendants. Compare Compl. at ECF No. 1 ¶ 8 (Plaintiff allegedly employed by Defendants from in or around March 2019 to July 2019), with id. ¶¶ 25, 30 (alleging Plaintiff's employment began in February 2019); ECF No. 1, passim.

### 2.   Enterprise Or Individual Coverage

"The FLSA's minimum wage and overtime provisions apply to employees who are (1) personally engaged in interstate commerce or in the production of goods for interstate commerce (individual coverage), or (2) [were] employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce (enterprise coverage)."  Grant v. All Star Baby Safety, Inc., No. 16 Civ. 1516 (DRH) (ARL), 2016 WL 3746565, at *1 (E.D.N.Y. July 8, 2016) (internal citations & quotations omitted); 29 U.S.C. §§ 206(a), 207(a)(1); see Jacobs v. N.Y. Foundling Hosp., 577 F.3d 93, 96 (2d Cir. 2009) (stating that the two categories of FLSA coverage are "commonly referred to as 'individual' and 'enterprise' coverage").  As relevant here, an employee engages in commerce by "performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof."  29 C.F.R. § 779.103.  An enterprise engaged in commerce means an enterprise that

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1)(A); see 29 U.S.C. § 203(b) (defining commerce as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof[]").

The Complaint makes three allegations in support of FLSA coverage: (1) that,

> [o]n information and belief, [Sabor Hispano Inc.] is, at present and has been at all times relevant to the allegation (sic) in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or

17

produced for commerce by any person[;] and (ii) has had an annual gross volume
of sales of not less than $500,000.00[;]

and that, at all times relevant to this action, (2) "Plaintiff was engaged in commerce or the

production of goods for commerce within the meaning of 29 U.S.C. §§[]206(a) and 207(a)" and,

(3) "Defendants were employers engaged in commerce or the production of goods for commerce

within the meaning of 29 U.S.C. §§[]206(a) and 207(a)."  See Compl. at ECF No. 1 ¶¶ 24, 47,

48, passim.  These conclusory allegations are insufficient to establish either enterprise or

individual coverage under the FLSA.  See, e.g., Aponte v. Clinton St. Pizza, Inc., No. 20 Civ.

2037 (KMW), 2021 WL 1961646, at *3 (S.D.N.Y. May 17, 2021) (finding that conclusory

statements alone without specific supporting factual allegations are insufficient to establish

individual or enterprise coverage on default) (citation omitted); Dixon, 2020 WL 6140054, at *3

("The minimal allegations in the [c]omplaint about interstate commerce are made solely on

information and belief, and such allegations are accorded no weight, even on default."), R&R

adopted, Dkt. Order dated Oct. 19, 2020; Salamanca v. ABC Corp., No. 19 Civ. 1335 (RRM)

(SIL), 2019 WL 8807843, at *4 (E.D.N.Y. Oct. 30, 2019), R&R adopted, 2020 WL 2542497

(E.D.N.Y. May 18, 2020) (default judgment denied on FLSA claims where the sole allegations

regarding defendants' business operations was a conclusory and "verbatim description of the

statute"); Day An Zhang v. L.G. Apparel, Inc., No. 09 Civ. 3240 (KAM), 2011 WL 900183, at

*2 (E.D.N.Y. Feb. 18, 2011) (recommending denial of a default judgment motion when the

complaint alleged, in conclusory terms, that defendants were "enterprises" subject to FLSA),

R&R adopted, 2011 WL 900950 (E.D.N.Y. Mar. 15, 2011).  Plaintiff has not sufficiently pleaded

either individual or enterprise coverage under the FLSA.

Based on the foregoing, this Court respectfully recommends that Plaintiff be denied

default judgment as to her FLSA claims.

**f.  The Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiff's NYLL Claims**

Although the Court may exercise supplemental jurisdiction over Plaintiff's NYLL claims, courts may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  In considering whether to decline to exercise supplemental jurisdiction once all federal law claims have been dismissed, a court must consider "the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).  "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."  Id.

Weighing these factors, this Court recommends that Plaintiff's claims for state law default be denied for lack of subject matter jurisdiction.  At this early stage in the litigation, Plaintiff has not expended significant time and effort on pursuing the suit in federal court.  See Clorofilla v. Town of New Castle, 106 F. App'x 90, 92 (2d Cir. 2004) ("With respect to the remaining state-law claims, if it is firmly settled that 'when all bases for federal jurisdiction have been eliminated from a case so that only pendent state claims remain, the federal court should ordinarily dismiss the state claims.'") (quoting Baylis v. Marriott Corp., 843 F.2d 658, 665 (2d Cir. 1988)); see also Whiteside v. Hover-Davis, Inc., 995 F.3d 315, 325 (2d Cir. 2021) ("Because the district court properly dismissed [the plaintiff's] FLSA claim . . . the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over his remaining state law claims.") (citing Klein & Co. Futures, Inc. v. Bd. of Trade of N.Y., 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are dismissed in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over

remaining state law claims.")); see, e.g., Norman v. City of N.Y., No. 20 Civ. 5560 (VSB), 2020 WL 7496292, at *5 (S.D.N.Y. Dec. 20, 2020) (same); Qing You Li v. City of New York, No. 16 Civ. 174 (AMD) (RER), 2018 WL 6251339, at *6 (E.D.N.Y. Nov. 28, 2018) ("Because I dismiss all of the plaintiff's federal claims, there remains no independent basis for federal jurisdiction over the remaining state law claims . . . . The pendent New York law claims against these defendants . . . are dismissed.") (citations omitted).

## III.   Conclusion

In light of Plaintiff's failure to complete service upon Individual Defendants, to comply with the Servicemembers Civil Relief Act, and to sufficiently plead liability under the FLSA, this Court respectfully recommends that Plaintiff's motion for default judgment be denied without prejudice.  This Court further respectfully recommends that Plaintiff be given 30 days from the order adopting this report and recommendation, if adopted, to file and serve an amended complaint if she can correct the pleading errors and properly serve Defendants.  This Court recommends that if Plaintiff fails to refile and serve, the case be dismissed with prejudice as to the federal claims and without prejudice for lack of subject matter jurisdiction as to the state law claims.

## IV.   Objections

A copy of this report and recommendation is being provided to Plaintiff's counsel via ECF.  The Court will mail copies of this report and recommendations to Sabor Hispano Inc., 37-29 103rd Street, Corona, NY 11368; Patricio Flores Barrere, 37-29 103rd Street, Corona, NY 11368; and Jose Luis Hernandez, 37-29 103rd Street, Corona, NY 11368.

Any written objections to this report and recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  See 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated:  Brooklyn, New York
        August 5, 2021

                                    *Vera M. Scanlon*
                                    VERA M. SCANLON
                                    United States Magistrate Judge