UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ULBIA AMERICA PINELA JURADO,

                        Plaintiff,

    -against-

SABOR HISPANO INC, and PATRICIO FLORES BARRERE, and JOSE LUIS HERNANDEZ, as individuals,

                       Defendants.
-------------------------------------------------------------------X

Civil Case No.: 1:20-cv-1104 (RPK)(VMS)

**AFFIRMATION OF SERVICE**

STATE OF NEW YORK ))
                    ss.:
COUNTY OF QUEENS ))

    I, Roman Avshalumov, Esq, an attorney duly admitted to practice law in the District Court for the Eastern District of New York, hereby affirm the truth of the following under penalty of perjury:

    That I am not a party to the within action, am over the age of eighteen (18) years, and reside in Queens, New York. On August 30, 2021, I served the within:

**AMENDED COMPLAINT (dated August 30, 2021); and**

**SUMMONS (for the Amended Complaint)**

*via* U.S. Certified First Class Mailing; by depositing true and correct copies thereof, in a post-paid wrapper in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York, addressed to each of the following at the last known addresses set forth after each name:

| **Sabor Hispano Inc** | **Patricio Flores Barre** | **Jose Luis Hernandez** |
|---|---|---|
| 37-29 103rd Street, Corona, New York 11368 | 37-29 103rd Street, Corona, New York 11368 | 37-29 103rd Street, Corona, New York 11368 |
| 75 Maiden Lane, Suite 903 New York, New York 10038 | 75 Maiden Lane, Suite 903 New York, New York 10038 | 75 Maiden Lane, Suite 903 New York, New York 10038 |

Dated: Kew Gardens, New York
         August 30, 2021

                                                              */s/*
                                                        Roman Avshalumov, Esq.



### Helen F. Dalton and Associates, P. C.
### Attorneys at Law

The Personal Injury & Labor Law Attorneys
80-02 Kew Gardens Rd., Ste 601, Kew Gardens, NY 11415



**TO:** Sabor Hispano Inc.
attn: Patricio Flores Barrere &
       Jose Luis Hernandez

37-29 103rd Street

Corona, New York 11368

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to: Sabor Hispano, Inc.<br>attn: Patricio Flores Barrere &<br>Jose Luis Hernandez<br>37-29 103rd Street<br>Corona, NY  11368 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 6918 1104 0366 12 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☒ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7021 0950 0001 5397 5307 | |
| PS Form 3811, July 2020 PSN 7530-02-000-9053 | Domestic Return Receipt |



**Helen F. Dalton and Associates, P. C.**
**Attorneys at Law**

The Personal Injury & Labor Law Attorneys
80-02 Kew Gardens Rd., Ste 601, Kew Gardens, NY 11415

**TO:** Sabor Hispano Inc.
attn: Patricio Flores Barrere &
 Jose Luis Hernandez

75 Maiden Lane, Suite 903

New York, NY 10038

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ULBIA AMERICA PINELA JURADO,

        Plaintiff,

-against-

SABOR HISPANO INC, and PATRICIO FLORES
BARRERE, and JOSE LUIS HERNANDEZ,
as individuals,

        Defendants.
------------------------------------------------------------X

Civil Case No.:
1:20-cv-1104 (RPK)(VMS)

**AMENDED COMPLAINT**

*JURY TRIAL DEMANDED*

1. Plaintiff, **ULBIA AMERICA PINELA JURADO** (hereinafter "Plaintiff"), by and through her attorneys at Helen F. Dalton & Associates, P.C., hereby alleges, upon her personal knowledge of the facts stated herein as follows:

## PRELIMINARY STATEMENT

2. Plaintiff, through undersigned counsel, brings this action against the Defendants, **SABOR HISPANO INC**, and **PATRICIO FLORES BARRERE**, and **JOSE LUIS HERNANDEZ, as individuals** (collectively hereinafter, the "Defendants") to recover money damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants at SABOR HISPANO INC, located at 37-29 103rd Street, Corona, New York 11368.

3. As a result of the violations of Federal and New York State labor laws asserted herein, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other remedies the Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

1

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

8. On August 5, 2021, the Court recommended that Plaintiff's motion for default judgment be denied without prejudice, and respectfully recommends that Plaintiff be given 30 days from the date of the Court's Order adopting the R&R to file and serve an amended complaint and serve the Defendants (on or before September 5, 2021). This Amended Complaint is being filed in compliance with the terms therewith.

## NATURE OF THE PARTIES' EMPLOYMENT RELATIONSHIP

9. Plaintiff, ULBIA AMERICA PINELA JURADO, was employed by the Defendants to perform work at SABOR HISPANO INC, at its business located at 37-29 103rd Street, Corona, NY 11368, from in or around February 14, 2019 until in or around July 26, 2019.

10. Throughout Plaintiff's employment by the Defendants at SABOR HISPANO INC, Plaintiff's primary job duties were as a cook, food preparer, kitchen worker, and dish washer, while performing related miscellaneous duties for the Defendants, including, without limitation, taking orders of customers, waitressing, and performing frequent errands at the Defendants' directions in order to purchase goods and extra food or supplies as needed for the business.

11. As explained herein, at all times relevant hereto throughout Plaintiff's employment by the Defendants at SABOR HISPANO INC, from in or around February 14, 2019 until in or around July 26, 2019, Plaintiff was an "employee" of the Defendants within the meaning and intent of the FLSA, and the NYLL and related state regulations.

12. Corporate Defendant, SABOR HISPANO INC, is a domestic business corporation organized under, and existing by virtue of the laws of the State of New York (NY DOS ID # 5482730).

13. Corporate Defendant, SABOR HISPANO INC, is a New York corporation, authorized to conduct and transact business under the laws of the State of New York, with a principal place of business located at 37-29 103rd Street, Corona, New York 11368.

14. The Individual Defendants, PATRICIO FLORES BARRERE, and JOSE LUIS HERNANDEZ, as individuals, are collectively hereinafter referred to as the "Individual Defendants."

15. The Individual Defendants, PATRICIO FLORES BARRERE, and JOSE LUIS HERNANDEZ, are co-owners of SABOR HISPANO INC, and share in ownership of the business.

16. The Individual Defendants are the sole investors in the business of SABOR HISPANO INC, are responsible for purchasing of all its assets and goods for the business, and exclusively share in its profits and/or losses at SABOR HISPANO INC.

17. The Individual Defendants are responsible for overseeing all the daily operations of the business at SABOR HISPANO INC.

18. The Individual Defendants are responsible for setting and establishing employee's work schedules, including the Plaintiff.

19. The Individual Defendants are responsible for assigning daily job tasks and assignments to all the employees of SABOR HISPANO INC, including Plaintiff.

20. The Individual Defendants are responsible for directing and controlling the work of all employees of SABOR HISPANO INC, including the Plaintiff.

21. The Individual Defendants were frequently at the business and supervised the daily work of the employees while there, including the Plaintiff.

22. The Individual Defendants are responsible for the hiring and firing of all employees of SABOR HISPANO INC, including the Plaintiff.

23. The Individual Defendants have power over all final personnel decisions at SABOR HISPANO INC.

24. The Individual Defendants are responsible for setting the terms of employee pay at SABOR HISPANO INC, including the Plaintiff.

25. The Individual Defendants have the exclusive authority to establish employee's rates of pay, method of payment, and paid employee's wages at SABOR HISPANO INC, including the Plaintiff.

26. The Individual Defendants have power over all final payroll decisions at SABOR HISPANO INC.

27. The Individual Defendants were jointly responsible for providing for Plaintiff's hours of work and regular pay.

28. The Individual Defendants are responsible for the maintaining of all employment records at SABOR HISPANO INC.

29. The Individual Defendants are the agents of SABOR HISPANO INC.

30. At all times relevant hereto, Plaintiff was an "employee" of Individual Defendants, PATRICIO FLORES BARRERE, and JOSE LUIS HERNANDEZ, within the meaning of the FLSA.

31. At all times relevant hereto, Individual Defendants, PATRICIO FLORES BARRERE, and JOSE LUIS HERNANDEZ, were Plaintiff's "employer" within the meaning of the FLSA.

32. At all times relevant hereto, SABOR HISPANO INC, employs/employed greater than ten (10) employees at any given time, including several kitchen staff workers, waiters, waitresses, and other personnel workers.

33. At all times relevant hereto, SABOR HISPANO INC owns, among other things, 4 large refrigerators, 3 industrial sized freezers, 1-2 giant industrial stoves as well as an industrial sized grill, all of which employees of SABOR HISPANO INC worked with daily at SABOR HISPANO INC, including the Plaintiff. SABOR HISPANO INC also owns large quantities of ingredients and other goods and materials necessary to conduct ongoing operations of the business. All of these assets, owned by the Defendants, constitute goods or material that have been moved in, or produced for commerce by any person, and have been moved and purchased through the channels of interstate commerce within the meaning of the FLSA.

34. At all times relevant hereto, SABOR HISPANO INC received, on average, in excess of thirty (30) customers each Monday through Friday, and in excess of fifty (50) customers each Saturday and Sunday, at its business located at 37-29 103rd Street, Corona, NY 11368, with customers spending an average of $25.00 or more per visit. As such, SABOR HISPANO INC regularly generates revenues in excess of $6,000.00 per week, and revenues in excess of $300,000.00 per annum, from sit-down dining.

35. Further, SABOR HISPANO INC operates a massive delivery business throughout the New York metropolitan areas, fulfilling delivery orders daily, and throughout each such day. The employees of SABOR HISPANO INC, including Plaintiff, perform deliveries for dozens of construction workers and companies in the surrounding areas, and, at a minimum, fulfill greater than 50 deliveries per day, and anywhere from 50 to 200 delivers per day. As such, SABOR

HISPANO generates annual gross volume of sales in excess of $500,000.00 when accounting for both sit-down dining and delivery orders.

36. At all times relevant hereto, corporate Defendant, SABOR HISPANO INC, is at present, and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00, within the meaning and intent of the FLSA, specifically, 29 U.S.C. §§ 206(a), 207(a).

## FACTUAL ALLEGATIONS

37. Plaintiff ULBIA AMERICA PINELA JURADO was employed by the Defendants to work at SABOR HISPANO INC, at its business located at 37-29 103rd Street, Corona, NY 11368, from in or around February 14, 2019 until in or around July 26, 2019.

38. During Plaintiff's employment by Defendants at SABOR HISPANO INC, Plaintiff's primary job duties were as a cook, food preparer, kitchen worker, and dish washer, while performing related miscellaneous duties for the Defendants, including, without limitation, taking orders of customers, waitressing, and performing errands at the Defendants' directions.

39. During Plaintiff's employment at SABOR HISPANO INC, Plaintiff regularly worked from 8:00 a.m. until 8:00 p.m., for a total of approximately twelve (12) hours per day; and regularly worked seven (7) days per week, for a total of approximately 84 hours per week, from in or around February 14, 2019 until in or around July 26, 2019.

40. Plaintiff was paid by Defendants a flat weekly wage of approximately $550.00 per week, without regard for the number of hours that the Plaintiff worked each such week.

41. Plaintiff's flat weekly pay of $550.00 per week did not increase for any week during which Plaintiff worked in excess of 40 hours.

42. As such, although Plaintiff regularly worked eighty-four (84) hours per week during her employment by the Defendants at SABOR HISPANO INC from in or around February 14, 2019 until in or around July 26, 2019, the Defendants did not pay Plaintiff at a rate of time and a half (1.5) for her hours worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

5

43. Furthermore, although Plaintiff regularly worked approximately twelve (12) hours per day, seven (7) days per week, from in or around February 14, 2019 until in or around July 26, 2019, the Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day Plaintiff worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL and related state regulations.

44. Moreover, the Defendants willfully failed to keep accurate, contemporaneous payroll records as required by both the NYLL and the FLSA.

45. The Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language) of her regular rate of pay, regular pay day, and such other information required by NYLL §195(1).

46. The Defendants failed to provide Plaintiff with regular wage statements upon each payment of her wages, as required by NYLL §195(3).

47. As a result of these violations of Federal and New York State labor laws, the Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FIRST CAUSE OF ACTION
### (Overtime Wages Under The Fair Labor Standards Act)

48. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs as if fully set forth herein.

49. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

50. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

51. At all times relevant to this action, the Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of U.S.C. §§206(a) and 207(a).

52. Defendants willfully failed to pay Plaintiff overtime wages for Plaintiff's hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the

6

regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

53. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

54. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### (Overtime Wages Under New York Labor Law)

55. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs as if fully set forth herein.

56. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

57. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

58. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount equal to her unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### (Spread of Hours Compensation Under New York Labor Law)

59. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs as if fully set forth herein.

60. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4/

61. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

### FORTH CAUSE OF ACTION

**(Violation of the Notice and Recordkeeping Requirements of the New York Labor Law)**

62. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs as if fully set forth herein.

63. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1)

64. Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION

**(Violation of the Wage Statement Requirements of the New York Labor Law)**

65. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs as if fully set forth herein.

66. Defendants failed to provide Plaintiff with wage statements upon each payment of her wages, as required by NYLL §195(3).

67. Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be granted:
  a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
  b. Awarding Plaintiff unpaid overtime wages;
  c. Awarding Plaintiff unpaid spread of hours compensation;
  d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
  e. Awarding Plaintiff prejudgment and post-judgment interest;

  f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

  g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: August 30, 2021
   Kew Gardens, New York

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ULBIA AMERICA PINELA JURADO,

                            Plaintiff,

                            -against-

SABOR HISPANO INC, and PATRICIO FLORES BARRERE, and JOSE LUIS HERNANDEZ, as individuals,

                            Defendants.

**AMENDED COMPLAINT**

JURY TRIAL DEMANDED

**1:20-cv-1104 (RPK)(VMS)**

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

***WITH SERVICE OF PROCESS TO:***

**SABOR HISPANO INC**

37-29 103rd STREET
CORONA, NEW YORK 11368

**NYSDOS Registered Agent for Service:**

RESTAURANT SOLUTIONS NYC INC

75 MAIDEN LANE, SUITE 903
NEW YORK, NEW YORK 10038

**PATRICIO FLORES BARRERE**

37-29 103rd STREET
CORONA, NEW YORK 11368

**JOSE LUIS HERNANDEZ**

37-29 103rd STREET
CORONA, NEW YORK 11368

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

)
)
)
)
)
*Plaintiff(s)* )
v. ) Civil Action No.
)
)
)
)
)
)
*Defendant(s)* )

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DOUGLAS C. PALMER
*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: